IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**MARK ALLEN MCCONAUGHY,**

    **Plaintiff,**

    vs.

**BELLAIRE POLICE DEPARTMENT,** *et al.,*

    **Defendants.**

Case No. 2:21-cv-3929

Judge Michael H. Watson

Magistrate Judge Elizabeth P. Deavers

## ORDER AND INITIAL SCREEN REPORT AND RECOMMENDATION

Plaintiff, an Ohio resident who is proceeding without the assistance of counsel, moves this court for leave to proceed *in forma pauperis*. (ECF No. 1.) Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a).

This matter is now before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having performed the initial screen, for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's action in its entirety.

**I.**

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).

In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> \*   \*   \*
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd*., *P'Ship v. Flagstar Bank*, *F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

---

[1] Formerly 28 U.S.C. § 1915(d).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

## II.

Plaintiff names as Defendants the Bellaire Police Department and the Belmont County, Ohio Sheriff's Office. (ECF No. 1-, at 1.) Plaintiff's Complaint restated here verbatim alleges, in its entirety, as follows:

> The Bellaire Police Department and the Belmont County, Ohio Sheriff's Office did knowingly refuse me services afforded to the general public without just cause and

3

> violation of Title 18 USC Section 242 and Title 42 USC 2000(A)! a violation of Title II of the Civil Rights Act (public accommodations and equal rights)! I have recently become a victim of criminal endangerment and/or attempted murder by one or more citizens of the USA. I wish to have a investigation performed by the Ohio Bureau of Investigations (BCI). The B.C.I. can not perform a investigation without a referral by my local police department (Bellaire P.D.) or the County Sheriff's Office (Belmont County, Ohio Sheriff's Office). In a timespan of a month or more…I have made many phone calls and spoken to Deputy Carpenter of the Sheriff's Office, his Sergeant, a Bellaire Police Officer, a agent of the BCI and even the Ohio Attorneys Generals Office where I fully explained myself and the services I wish to request. The B.C.I. and the Ohio Attorney Generals Office informed me that they cannot take action until a formal request by local law enforcement is received. Local law enforcement is refusing to place said formal request, hence this motion. This refusal may by due to two other motions I filed against the Belmont County, Ohio Courthouse!

(*Id*. at 3.) Plaintiff states that he brings this action pursuant to 42 U.S.C. § 2000(A) and seeks "to be compensated $1,000,000 for this violation of my civil rights!" (*Id*. at 2, 4.)

The Complaint filed in this case is frivolous and fails to state a claim and, therefore, is subject to summary dismissal. First, 18 U.S.C. § 242 is a criminal statute and Plaintiff has no private right of action thereunder. *United States v. Oguaju*, 76 F. App'x 579, 581 (6th Cir. 2003). Further, to the extent that Plaintiff states he is bringing suit pursuant to Title II of the Civil Rights Act of 1964, codified at 42 U.S.C. § 2000a, that statue provides that "[a]ll persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of any place of public accommodation ... without discrimination or segregation on the ground of race, color, religion, or national origin." 42 U.S.C. § 2000a(a). Places of public accommodation covered by the statute include, *inter alia*, "any inn, hotel, motel, or other establishment which provides lodging to transient guests." *Id.* § 2000a(b)(1). Title II provides only for injunctive relief, not for monetary damages. 42 U.S.C. § 2000a-3(a); *Washington v. Riverview Hotel, Inc.,* No. 3:19-CV-00097, 2021 WL 1165935, at *6 (M.D. Tenn. Mar. 26, 2021) (citing *Newman v. Piggie Park Enterprises, Inc*., 390 U.S. 400, 402

(1968) ("When a plaintiff brings an action under [Title II], he cannot recover damages.")). Because Plaintiff names as Defendants entities not covered by Title II and seeks only damages, he has not stated a claim for which relief may be granted under Title II, and the Court will not consider this claim any further.

Beyond this, Plaintiff has not identified with any specificity any additional civil rights that he believes are being violated by the alleged actions of the Bellaire Police Department or the Belmont County Ohio, Sheriff's Office.  Moreover, any such claims would be subject to dismissal.  Neither a county sheriff's department nor a police department is a proper defendant because these entities are not *sui juris*.  *White v. Franklin Cty. Sheriff's Dep't*, No. 2:18-CV-1738, 2019 WL 78952, at *2 (S.D. Ohio Jan. 2, 2019), *report and recommendation adopted*, No. 2:18-CV-1738, 2019 WL 316525 (S.D. Ohio Jan. 24, 2019) (citing *Carmichael v. City of Cleveland*, 571 F. App'x 426, 435 (6th Cir. 2014) (finding dismissal of claims against county sheriff's department was proper because "as the district court correctly noted, federal courts have held that, under Ohio law, a county sheriff's office is not a legal entity that is capable of being sued")); *Hughey v. Creston Police Dep't*, No. 5:20-CV-1669, 2020 WL 7262888, at *2 (N.D. Ohio Dec. 10, 2020) (citing *Carmichael* and stating that "[p]olice departments are not *sui juris*, meaning they are not separate legal entities under Ohio law that are capable of suing or being sued.").

For all of these reasons, it is **RECOMMENDED** that the Court dismiss all claims against the Bellaire Police Department and the Belmont County Ohio, Sheriff's Office.

### III.

For the reasons set forth above, it is **RECOMMENDED** that the Complaint in its entirety be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).  It is **FURTHER**

**RECOMMENDED** that the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore, if Plaintiff moves for leave to appeal *in forma pauperis*, that such request be denied. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir.1999), *overruling in part Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1997).

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review of by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to

6

specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).

|  |  |
|---|---|
| **DATED:  August 2, 2021** | /s/ *Elizabeth A. Preston Deavers*<br>**ELIZABETH A. PRESTON DEAVERS**<br>**UNITED STATES MAGISTRATE JUDGE** |